1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

KIMBERLY WESTERNESS,

12
                              Plaintiff,

          v.
13

MICHAEL J. ASTRUE, Commissioner of
14
Social Security Administration,

15
                              Defendant.

16

CASE NO.  C09-5728RJB

REPORT AND
RECOMMENDATION

Noted for October 8, 2010

17

18        This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

19 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v.

20 Weber, 423 U.S. 261 (1976).  Plaintiff, Kimberly Westerness, brought this action pursuant to 42

21 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

22 Security denying her application for disability benefits under Title II of the Social Security Act,

23 42 U.S.C. §§ 401-33.

24        This matter has been fully briefed.  After reviewing the record, the undersigned finds the

25 ALJ made two specific errors prejudicing the administration's review of plaintiff's application

26 for social security benefits.  The primary error stems from the ALJ's misinterpretation of the

REPORT AND RECOMMENDATION - 1

medical evidence, specifically the interpretation of the global assessment of functioning (GAF) scores.  Accordingly, the matter should be remanded to the administration for further consideration.

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff was born in 1977. Tr. 263.  According to a mental evaluation completed in 1996, plaintiff dropped out of high school the last week of the 11th grade, when she moved with her mother to Port Orchard.  Tr. 198.  She is not married, but has had seven children, all from one relationship.  Tr. 199.  Due to domestic violence, all seven children have been removed from plaintiff's care and custody.  Tr. 197.  The children were placed in foster care.  Id.  The only job plaintiff has had was working at a Goodwill Store for 6 months.  Tr. 198.  The job ended when plaintiff was prevented from working by her former partner, who hid her from authorities to prevent her from testifying in a domestic violence trial.  Tr. 23.  Plaintiff testified that she is unable to work due to anxiety and depression.  Tr. 24-25.

Plaintiff filed her application for Supplemental Security Income benefits on May 2, 2007, alleging disability since July 1, 1996.  Tr. 113.  Her application was denied on initial review and the matter was assigned to an administrative law judge (ALJ).  An administrative hearing was conducted on July 8, 2009.  Tr. 17-58.

On August 12, 2009, the ALJ issued a decision finding plaintiff not disabled.  Tr. 11-18.  At step one of the five-step sequential evaluation process used to evaluate claims for disability benefits, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 27, 2007, the application date.  Tr. 10.  At step two, the ALJ found that plaintiff had the following severe impairments: depressive disorder, an anxiety-related disorder, and a dependent personality disorder.  Tr. 10.  At step three, the ALJ determined that plaintiff did not have an impairment, or a combination of impairments, that met or equaled the requirements of a listed impairment.  Tr. 11.  The ALJ then

determined plaintiff's residual functional capacity.  Tr. 12-14.  The ALJ determined that plaintiff could perform a full range of work at all exertional levels but due to non-exertional or mental limitations she was limited to simple routine tasks with only occasional public contact.  Tr. 12.  At step four, the ALJ found that plaintiff had no past relevant work experience.  Tr. 14.  At step five, relying on the testimony of a vocational expert, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, such as cleaner/housekeeper and kitchen helper.  Tr. 15.  Therefore, the ALJ found that plaintiff was not disabled.  Tr. 15-16.

Plaintiff asked the Administration's Appeals Council to review the ALJ's decision.  Tr. 4  On September 24, 2009, the Appeals Council denied the request, leaving the ALJ's decision as the final administrative decision, subject to judicial review.

The matter is now before this court.  Plaintiff argues the ALJ's decision is not properly supported by substantial evidence and legally erroneous.  Specifically, plaintiff raises the following alleged errors:

(1)  The ALJ erroneously determined that attention deficit hyperactivity disorder, facet arthropathy, disk herniation with radiculopathy, migraine headaches and chronic back and leg pain were not severe impairments and failed to determine whether PTSD was a severe impairment.

(2)  The ALJ did not comply with Social Security Rulings 96-8p in determining her residual functional capacity.

(3)  The ALJ did not include all of her non-exertional impairments in hypothetical questions to the vocational expert.

(4)  The ALJ erroneously discounted plaintiff's subjective complaints.

As noted above, the undersigned finds the ALJ erred in reviewing the medical evidence, which affected each of the other issues raised by plaintiff.  Accordingly, the undersigned does

REPORT AND RECOMMENDATION - 3

not address each of the issues, but only the primary issue that the ALJ did not properly consider the medical evidence. The matter should be remanded to the administration for reconsideration of the matter in its entirety.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous

work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th  Cir. 1999).

## DISCUSSION

Step-two of the administration's five-step evaluation process requires the ALJ to determine whether an impairment is severe or not severe.  20 C.F.R. §§ 404.1520, 416.920 (1996).  The step-two determination of whether a disability is severe is merely a threshold determination of whether the claimant is able to perform his past work.  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).  A finding that a claimant is severe at step-two only raises a prima facie case of a disability.  Id.  See also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir.1999).

An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe."  According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work."  Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28).

Here, as noted above, the ALJ found plaintiff had the following severe impairments: depressive disorder, an anxiety-related disorder, and a dependent personality disorder.  Tr. 10. Plaintiff argues the ALJ should have also included her attention deficit hyperactivity disorder, facet arthropathy, disk herniation with radiculopathy, migraine headaches, chronic back and leg pain, and PTSD as severe impairments.  The undersigned agrees.  After reviewing the matter, the court finds the ALJ failed to properly consider or discuss all of plaintiff's potential severe impairments at step-two.

The ALJ found plaintiff suffered from certain severe impairments, but only addressed two other non-severe impairments in his decision – attention deficit hyperactivity disorder (ADHD) and plaintiff's back condition.  ADHD was dismissed as a severe impairment by the ALJ because it appeared "to be a one time diagnosis."  Tr. 10.  Plaintiff's back condition was rejected as a severe impairment because the ALJ found "no consistently significant objective examination findings."  Id.

It was improper for the ALJ to reject evidence of ADHD at step-two solely because it was only diagnosed on only one occasion.  A diagnosis such as this, especially in light of plaintiff's significant history of abuse, should not be ignored.   The significant error made by the ALJ is his failure to discuss plaintiff's PTSD and migraine headaches at step-two.  All other analysis fails because of this omission.

Defendant argues the ALJ properly did not include plaintiff's migraine headaches as a severe impairment because the headaches were being successfully treated with medication since September 2007.  Defendant's Responsive Brief (Doc. 20) at 6-7.  Defendant acknowledges that plaintiff had a long history of migraine headaches.  Id.  Review of the ALJ's decision does not reveal any mention or discussion of plaintiff's migraine headaches or treatment thereof.  The court cannot accept defendant's post hac explanation for not including plaintiff's migraine

1    headaches as a severe impairment at step-two.  A reviewing court can evaluate an agency's

2    decision only on the grounds articulated by the agency.  <u>Cequerra vs. Sec'y Health & Human</u>

3    <u>Servs.</u>, 933 F. 2d 735, 738 (9th Cir. 1991).

4            The ALJ also erred in not evaluating plaintiff's PTSD at step-two.  Defendant argues that

5    PTSD was included in the ALJ's analysis but only referred to by its general category of an

6    anxiety-related disorder.  Defendant further argues, "Plaintiff has not shown how the ALJ erred

7    by using the broader anxiety-related disorder, rather than more specific term, to describe her

8    severe mental impairment."  Defendant's Response Brief at 7.  Again, the undersigned is not

9    persuaded by defendant's contention.  Plaintiff was diagnosed with various anxiety-related

10   disorders, including PTSD.  However, the ALJ did not explain or discuss plaintiff's PTSD. i.e., the

11   ALJ did not articulate that he was including or incorporating plaintiff's PTSD symptoms in his

12   finding of a more general anxiety-related disorder.  Moreover, the ALJ did not alternatively explain

13   that he was rejecting the PTSD diagnosis, in favor of the more general anxiety-related disorder

14   diagnosed by other physicians.  Significantly, and as noted by plaintiff, there is a difference

15   between PTSD and the more general anxiety related disorder.  As a more specific anxiety

16   disorder, individuals who suffer from PTSD are more likely to exhibit certain behaviors.

17   Some of the manifested symptoms of PTSD that the ALJ did not consider were that plaintiff

18   suffered from paranoia, suspiciousness, anger, was rebellious and was defiant with authority.

19           In sum, the ALJ failed to properly address all of plaintiff's impairments at step-two.

20   Specifically, the ALJ did not include any discussion of plaintiff's migraine headaches or

21   plaintiff's PTSD in his written decision, despite the fact that the medical record supports medical

22   diagnosis and treatment for both of these conditions.

23           The ALJ's error at step-two necessarily leads to the finding that the ALJ also erred in his

24   evaluation of plaintiff's residual functional capacity, improperly relied on vocational expert

REPORT AND RECOMMENDATION - 7

testimony based on a potentially incomplete hypothetical, and erroneous evaluated plaintiff's credibility.  The ALJ's error at step-two affects each of these subsequent findings at steps three, four, and five.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration.  Remand for reconsideration of the ALJ step-two findings will necessarily require the administration to reconsider the matter in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 8, 2010**, as noted in the caption.

DATED at this 14th day of September, 2010.


J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8